IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JEFFREY W. STONE, GEORGE WILLIAM BURT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>SRA INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 2:14cv209 |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, SRA International, Inc. ("SRA"), by counsel, submits its Answer and Defenses to Plaintiff Jeffery Stone's and Plaintiff George Williams' (hereinafter, collectively "Plaintiffs") Complaint filed in the above-styled matter:

**INTRODUCTION**

1. Paragraph 1 of Plaintiffs' Complaint contains jurisdictional allegations to which no response is required. Defendant denies that it violated the FLSA, that Plaintiffs are similarly situated to any other SRA employee, and that Plaintiffs are entitled to any relief whatsoever.

2. Paragraph 2 of Plaintiffs' Complaint contains jurisdictional allegations to which no response is required. Defendant denies that it violated the FLSA, that Plaintiffs are similarly situated to any other SRA employee, and that Plaintiffs are entitled to any relief whatsoever.

3. Paragraph 3 of Plaintiffs' Complaint contains jurisdictional and/or procedural allegations to which no response is required. Defendant specifically denies Plaintiffs are entitled to any relief whatsoever, that Plaintiffs are similarly situated to any other SRA employee, that the

relevant period of time for Plaintiffs' claims is three years and that Plaintiffs' claims were tolled or extended.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Except to admit that Plaintiffs are properly classified as exempt and paid on a salary basis, Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Defendant responds that to the extent Paragraph 6 of the Complaint refers to the FLSA, the statute speaks for itself. The remaining allegations of Paragraph 6 of the Complaint are jurisdictional to which no response is required.

7. Paragraph 7 of the Complaint contains jurisdictional allegations to which no response is required. Defendant denies that it engaged in any unlawful conduct.

8. To the extent Paragraph 8 of the Complaint refers to the FLSA, the statute speaks for itself. Defendant further responds that Paragraph 8 contains jurisdictional allegations to which no response is required. Defendant admits its annual gross sales volume exceeds $500,000. Any remaining allegation not specifically admitted is denied.

## PARTIES

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits it employs an employee by the name of Jeffrey Stone. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 10 of the Complaint, and therefore denies them on that basis.

11. Defendant admits it employs an employee by the name of George Burt. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 11 of the Complaint, and therefore denies them on that basis.

12.     Defendant has insufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies them.

13.     Except to admit it employs Plaintiffs, Defendant avers that the remaining allegations of Paragraph 13 of the Complaint constitute legal conclusions to which no response is necessary and/or that it is unable to respond because that it lacks a sufficient understanding of the allegations, and therefore denies them on that basis.

## COLLECTIVE ACTION

14.     Except to admit that it employs other individuals with the same job titles as Plaintiffs, Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Except to admit that Plaintiffs and other exempt employees were paid on a salary basis and must keep their time in accordance with applicable government contracts, Defendant is unable to respond to any remaining allegations on the basis that it lacks a sufficient understanding of the allegations, and on that basis denies them.[1]

16.     Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

## ALLEGATIONS

18.     The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 18 of the Complaint. .

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that Plaintiffs did not supervise two or more employees for more than 80 hours per week.  Defendant admits that Plaintiffs did not have the authority to hire

---

[1] The Complaint contains two paragraphs designated Paragraph 15, the second of which is identical to Paragraph 16 of the Complaint.  Consequently, Defendant's answer to Paragraph 16 is also its answer to the duplicative Paragraph 15.

I-1258648.2

and fire employees. Defendant denies that Plaintiffs were not managers or professionals and that they did not perform exempt tasks. Defendant denies that Plaintiffs' job duties primarily involve manual labor. Defendant denies that Plaintiffs lack specialized training. Defendant admits that Plaintiffs travel as part of their job. Defendant denies Plaintiffs failed to receive all wages to which they were entitled under State and Federal law. Any remaining allegation not specifically admitted is denied.

21. The allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is necessary, Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Except to admit that it pays Plaintiffs on a salary basis in compliance with the FLSA, Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

### GENERAL DENIAL

Any allegations not specifically admitted in this Answer are denied.

I-1258648.2

## **DEFENSES**

### First Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred by the applicable statute of limitations.

### Second Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred by the equitable doctrine of laches.

### Third Defense

Plaintiffs lack standing to bring their claim.

### Fourth Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred or must be reduced according to the doctrine of avoidable consequences, as Plaintiffs and or some or all of the putative collective action members failed to abide by Defendant's policies.

### Fifth Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred to the extent they concern hours during which they were engaged in activities that were preliminary or postliminary to their principal job activities and/or are otherwise not compensable activities under the FLSA.

### Sixth Defense

Defendant relied upon the Department of Labor's regulations in determining compensation, compensable time, and job classifications, and Defendant's actions were in good faith conformity with and/or reliance on administrative regulations, orders, rulings, approvals, interpretations, enforcement policies or practices of the Department of Labor.

Seventh Defense

Defendant complied with the recordkeeping requirements of the FLSA and there is no private right of action for alleged recordkeeping violations.

Eighth Defense

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

Ninth Defense

Plaintiffs' and/or some or all of the putative collective action members are estopped from obtaining relief, on all or some of their claims, by their own actions and/or have not sustained any injury or damage by reason of any act or omission of SRA.

Tenth Defense

If SRA's alleged failure to pay overtime wage to Plaintiffs or any of the putative collective action members they seek to represent was unlawful, although such is not admitted, none of SRA's actions or omissions with respect to some or all of such individuals constitutes a willful violation any of the state or federal laws pursuant to which Plaintiffs bring this action.

Eleventh Defense

Plaintiffs are not entitled to certification of this action as a collective action because Plaintiffs and the purported class members they seek to represent are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials. Plaintiffs cannot satisfy the requirements for a proposed collective action under the FLSA.

Twelfth Defense

The Named Plaintiffs are not adequate representatives of the class they purport to represent.

Thirteenth Defense

Any amount for attorneys' fees which Plaintiff claims is due could have been reduced or eliminated through pre-suit communications or the exercise of reasonable diligence by Plaintiff or his counsel.  Plaintiff is required to mitigate all claims and to the extent Plaintiff has failed to do so, Plaintiff's claims must be reduced.

Fourteenth Defense

Defendants are entitled to recover their costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

Fifteenth Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred as to all hours allegedly worked which SRA lacked actual or constructive knowledge.

Sixteenth Defense

Plaintiffs' claims and/or those of some or all of the putative collection action members are offset by any amounts of owed to SRA, including but not limited to overpayments, and/or they have been paid compensation beyond which they were entitled and such additional compensation would satisfy, in whole or in part, any alleged claim overtime or other monetary relief.

Seventeenth Defense

Plaintiffs' claims and/or those of putative class members they seek to represent are barred, in whole or in part, because they are exempt from any entitlement to overtime

compensation under the FLSA pursuant to the computer employee exemption.  Additionally, Plaintiffs and/or some or all of the purported collective action members qualify, without limitation, for the administrative exemption, executive exemption, the learned professional exemption, the highly compensated employee exemption, and/or the combination exemption.

### Eighteenth Defense

SRA's alleged failure to pay overtime wages to Plaintiffs or some or all of the putative collective action members was based on SRA's reasonable and good faith reliance on one or more exemption from the overtime requirements of the FLSA.

### Nineteenth Defense

If SRA's alleged failure to pay overtime wages to Plaintiffs or any of the putative collective action members they seek to represent was unlawful, although such is not admitted, neither Plaintiffs nor some or all of such individuals can demonstrate facts sufficient to warrant an award of liquidated damages.

### Twentieth Defense

Plaintiffs' claims and/or those of some or all of the putative collective action members are barred to the extent they failed to satisfy applicable procedural and/or jurisdictional requirements.

### Twenty-First Defense

Defendant reserves the right to raise all defenses and/or affirmative defenses about which it becomes aware during the course of investigation and/or at trial, and therefore, reserves the right to amend this Answer and Defenses as appropriate.

WHEREFORE, Defendant SRA International, Inc., respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award SRA the cost of

its defense, including reasonable attorney's fees, and such other relief as the Court deems appropriate.

Dated:  June 3, 2014                                     Respectfully submitted,

                                                         SRA INTERNATIONAL, INC.


                                                         By:   /s/ William M. Furr
                                                               William M. Furr (VSB No. 29554)
                                                               David A. Kushner (VSB No.71173)
                                                               Monica A. Stahly (VSB No. 84492)
                                                               WILLCOX & SAVAGE, P.C.
                                                               Attorney for SRA International, Inc.
                                                               440 Monticello Avenue, Suite 2200
                                                               Norfolk, Virginia 23510
                                                               Telephone:  757.628.5500
                                                               Facsimile:   757.628.5566
                                                               wfurr@wilsav.com
                                                               dkushner@wilsav.com
                                                               mstahly@wilsav.com


                                                               Joyce E. Taber (VSB No. 47266)
                                                               Russell R. Bruch (pro hac vice
                                                               application forth coming)
                                                               MORGAN, LEWIS & BOCKIUS LLP
                                                               1111 Pennsylvania Ave., NW
                                                               Washington, DC 20004-2541
                                                               Telephone: 202.739.3000
                                                               Facsimile 202.739.3001
                                                               jtaber@morganlewis.com
                                                               rbruch@morganlewis.com

                                                               Attorneys for Defendant

I-1258648.2

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

J. Allen Schreiber
Burke Harvey, LLC
2151 Highland Avenue, Suite 150
Birmingham, Alabama 35205

Todd M. Gaynor
Taylor Walker
555 E. Main Street
Norfolk, Virginia 23510

                                                       /s/ William M. Furr
                                  William M. Furr
                                  (VSB No. 29554)
                                  WILLCOX & SAVAGE, P.C.
                                  Attorney for SRA International, Inc.
                                  440 Monticello Avenue, Suite 2200
                                  Norfolk, Virginia 23510
                                  Telephone:    757.628.5500
                                  Facsimile:     757.628.5566
                                  wfurr@wilsav.com