IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JEFFREY W. STONE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SRA INTERNATIONAL, INC., <br><br> Defendant. | Case No. 2:14-cv-209-DEM |

# NOTICE OF COLLECTIVE ACTION LAWSUIT

**TO:** All Current and Former SRA International, Inc. ("SRA") employees who worked in the United States or its territories and had the job title Senior Systems Administrator, Systems Administrator, Associate Systems Administrator, Senior Network Administrator, Network Administrator or Associate Network Administrator and worked for SRA on the Military Sealift Command ("MSC") Afloat Contract at any time from November 12, 2011 through the present.

**RE:** Fair Labor Standards Act ("FLSA") Overtime Lawsuit

## PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.

I. **INTRODUCTION**

This Notice contains import information concerning your rights under federal law (the FLSA) as a result of your current or former employment with SRA.

The purpose of this Notice is to: (i) inform you of the existence of a collective action lawsuit that has been filed against SRA alleging Senior Systems Administrators, Systems Administrators, Associate Systems Administrators, Senior Network Administrators, Network Administrators, and Associate Network Administrators were misclassified as exempt under the FLSA and are entitled to overtime compensation; (ii) advise you how your rights may be affected by this lawsuit; and (iii) instruct you on the procedure for participating in this case, should you decide that it is appropriate and should you choose to do so.

The Court has conditionally certified this case as a collective action and approved this Notice. The Court, however, has not taken any position as to the merits of any claims or defenses by any party. You are not being sued.

1

## II. DESCRIPTION OF THE LAWSUIT

On May 7, 2014, Plaintiffs Jeffery Stone and George Burt ("Named Plaintiffs") brought this lawsuit against SRA on behalf of themselves and all other persons who fit within the purported Class, as defined below.

The Named Plaintiffs believe that they are entitled to recover from SRA unpaid overtime compensation and costs, including attorney's fees, under the FLSA. The Named Plaintiffs assert that they are entitled to time-and-one-half overtime compensation for all time spent working over 40 hours in any workweek on the MSC Afloat Contract and that, contrary to federal law, SRA failed to fully compensate them for this time. In addition, Plaintiffs contend that they are entitled to all travel time for which they have not yet been compensated.

SRA maintains that it fully complied with all applicable laws and denies any wrongdoing and/or liability to the Named Plaintiffs or any other past or present employee in the Class. SRA's position is that it properly classifies Senior Systems Administrators, Systems Administrators, Associate Systems Administrators, Senior Network Administrators, Network Administrators, and Associate Network Administrators as exempt under the FLSA.

**This Court takes no position regarding the merits of the parties' claims or defenses. The rights of the Named Plaintiffs or any other member of this Class have not been established and are not guaranteed or certain.**

## III. DEFINITION OF THE COLLECTIVE ACTION CLASS

The Named Plaintiffs seek to sue on behalf of themselves, and also on behalf of other employees who they claim are "similarly situated." Specifically, the Named Plaintiffs seek to sue on behalf a Class that consists of any SRA employees who worked in the United States or its territories and had the job title Senior Systems Administrator, Systems Administrator, Associate Systems Administrator, Senior Network Administrator, Network Administrator, or Associate Network Administrator and worked for SRA on the MSC Afloat Contract at any time from November 12, 2011 through the present. Additionally, SRA employees who are eligible to be in this Class must have followed standard operating procedures (SOPs) at least 70% of the time they were employed by SRA in one of the above positions on the MSC Afloat Contract and must have worked more than 40 hours in a week without receiving overtime premiums for this time. Individuals who had the above job titles on the MSC Afloat Contract and a salary of over $100,000 are not part of this Class.

## IV. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the Class definition above, you may join this suit (that is, you may "opt in") by returning your completed and signed "Opt-In Consent Form" via U.S. Mail, facsimile, or email, to Plaintiffs' counsel at the following address:

2

Todd M. Gaynor
Attn: SRA Collective Action
GAYNOR LAW CENTER, P.C.
440 Monticello Ave.
Suite 1800
Norfolk, Virginia 23510
(757) 257-3674 (Fax)
tgaynor@gaynorlawcenter.com

A copy of the Opt-In Consent Form is attached hereto. The signed Opt-In Consent Form must be postmarked, faxed, or emailed by December 27, 2014. **If your signed Opt-In Consent Form is not postmarked, faxed, or emailed by December 27, 2014, you will lose the right to participate in any potential recovery in this lawsuit.**

If you file an "Opt-In Consent Form," your continued right to participate in this suit may depend upon a later decision by the District Court that you and the Named Plaintiffs are actually "similarly situated" in accordance with federal law, that your claim has been filed within the applicable statute of limitations, and/or that you have not already had a claim for unpaid overtime against SRA previously adjudicated.

## V. EFFECT OF JOINING THIS SUIT

It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire. <u>IT IS IMPORTANT TO UNDERSTAND THAT YOUR EMPLOYER CANNOT RETALIATE AGAINST YOU FOR JOINING THIS LAWSUIT.</u>

If you choose to join in the suit, you will be bound by any ruling, judgment, award or settlement, whether favorable or unfavorable. That means that, if the Named Plaintiffs (and others who choose to join them, if any) win, you may be eligible to receive a payment; if they lose, no money will be awarded, and you will not be able to file another lawsuit regarding the disputed hours of work.

If you choose to opt in to this lawsuit by filing an "Opt-in Consent Form," you may be required to provide documents and information, appear for a deposition, and testify in court in Norfolk, Virginia. Your refusal or failure to participate in providing information, giving a deposition under oath, and/or testifying in court may result in your dismissal from this lawsuit.

Additionally, in accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, if you chose to join this suit you will voluntarily waive your right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including the trial, and order the entry of final judgment.

## VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you do not join this action, you will not be bound by any ruling, judgment, award or settlement, whether favorable or unfavorable. This means that, if the Named Plaintiffs (and any others who choose to join them, if any) win, you will not be eligible to receive a payment; if they lose, you will not be bound by that judgment. If you choose not to join this lawsuit, you retain any rights, if any, that you have under the FLSA, and you are free to file your own lawsuit subject to the applicable statute of limitations.

## VII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by the Named Plaintiffs through their attorneys who are: J. Allen Schrieber, Esq., of BURKE HARVEY, LLC; 3535 Grandview Parkway, Suite 1000, Birmingham, AL 35243; (205) 930-9091 (phone); Todd M. Gaynor, of GAYNOR LAW CENTER, P.C.; 440 Monticello Ave., Suite 1800, Norfolk, Virginia 23510; (757)818-1650 (phone), (757)257-3674 (fax); tgaynor@gaynorlawcenter.com, and Amy Lorrelle Elliott of the Law Offices of Amy L. Elliott, PLLC; 1548 B Holland Rd., Suffolk, Virginia, 23434; (757) 539-4911 (phone), (866) 728-5233 (fax). Ms. Elliott is the spouse of Named Plaintiff Jeffery Stone.

## IX. STATUTE OF LIMITATIONS

The FLSA has a two year statute of limitations that may be increased to a maximum of three years under certain circumstances. If you choose to join this action, or choose to bring your own action, you may be able to recover damages if you were improperly denied overtime compensation only during weeks worked within two, or possibly three, years of the date you file your "Opt-In Consent Form," or you file your own action. If you choose not to join in this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## X. FURTHER INFORMATION

Further information about this Notice, filing an "Opt-In Consent Form," or questions concerning this lawsuit, may be obtained by writing, telephoning or emailing any of Named Plaintiffs' counsel at the addresses, telephone numbers and email addresses provided above. **Please do not contact the Court.**

Dated: 11/12/14

/s/ 
Douglas E. Miller
United States Magistrate Judge

The Honorable Douglas E. Miller
United States Magistrate Judge

4

I-1295608.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JEFFREY W. STONE, et al., <br>    Plaintiffs, <br> v. <br> SRA INTERNATIONAL, INC., <br>    Defendant. | Case No. 2:14-cv-209-DEM |

## OPT-IN CONSENT FORM

  I hereby consent to join the lawsuit against SRA International, Inc. ("Defendant" or "SRA") as a Plaintiff to assert claims against it for alleged violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* For some time between the dates November 12, 2011 and the present, I was employed by SRA as a Senior Systems Administrator, Systems Administrator, Associate Systems Administrator, Senior Network Administrator, Network Administrator, or Associate Network Administrator on the Military Sealift Command ("MSC") Afloat Contract. When employed in one of the above positions, I followed standard operating procedures ("SOPs") at least 70% of the time I was performing work on the MSC Afloat Contract and there were weeks when I worked more than 40 hours and did not receive overtime premiums for this time. Additionally, when employed in one of the above positions on the MSC Afloat Contract, I did not have a salary of over $100,000.

  In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, I hereby voluntarily waive my right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all

further proceedings in this case, including the trial, and order the entry of final judgment.

**If you do not wish to join the lawsuit, do not return this form.**

_____    _____
Print Full Name                                      Signature

_____    _____
Address                                                  Date

_____    _____
City, State, Zip Code                             Phone Number

_____    _____
Email Address                                       Approximate Dates of Employment

If you wish to join this lawsuit, mail, fax or email this Form by December 27, 2014 to:

Todd M. Gaynor
Attn: SRA Collective Action
GAYNOR LAW CENTER, P.C.
440 Monticello Ave.
Suite 1800
Norfolk, Virginia 23510
(757) 257-3674  (Fax)
tgaynor@gaynorlawcenter.com

I-1295608.2